IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>   Serita Stepteau | : Bankruptcy No. 15-18007- MDC<br>: Chapter 13 |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, doing business as CHRISTIANA TRUST, not in its individual capacity but solely as Trustee for BCAT 2014-9TT c/o Shellpoint Mortgage Servicing<br><br>                 Movant<br>vs.<br>Serita Stepteau<br>           Debtors/Respondents<br>and<br>William C. Miller, Esquire<br>           Trustee/Respondent | : |

## CONSENT ORDER / STIPULATION AGREEMENT SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, upon the Motion of WILMINGTON SAVINGS FUND SOCIETY, FSB, doing business as CHRISTIANA TRUST, not in its individual capacity but solely as Trustee for BCAT 2014-9TT c/o Shellpoint Mortgage Servicing ("Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain real property, located at 1810 Farrington Road, Philadelphia, PA 19151 (the "Property"), it is hereby agreed as follows:

1. Serita Stepteau ("Debtor") acknowledges that the following post-petition amounts are due as follows:

| | |
|---|---:|
| Payments 10/01/2016 – 11/01/16 @ *$928.73/monthly* | $ 1,857.46 |
| Payments 12/01/2016 – 01/01/17 @ *$970.48/monthly* | $ 1,940.96 |
| Attorney Fees for Motion for Relief | $ 850.00 |
| Filing Fee for Motion for Relief | $ 176.00 |
| Arrears ("Total Arrears") | $ 4,824.42 |

2. Debtor shall cure the Arrears as set forth above in the following manner:

   a. Debtor shall submit a lump sum payment in the amount of $970.48 on or before January 26, 2017.

   b. Debtor shall roll the remaining Total Arrears, to wit, **$3,853.94,** into and pay it through the Debtor's Chapter 13 Plan of Reorganization in order to cure this portion of the Total Arrears in addition to the current arrearage amount on Movant's Proof of Claim.

   c. Debtor's attorney shall file a Motion to Modify the Confirmed Plan on or before January 27, 2017.

3. Debtor shall make the regular monthly payments required to the Trustee.

4. Debtor agrees to continue making the regular post-petition monthly mortgage payments to Movant in the amount of **$970.48** (or as may be adjusted from time to time, as per standard escrow practices), commencing with the **02/01/17** payment and monthly for every payment thereafter.

5. Debtor shall send all payments due directly to Creditor at the address below:
   **Shellpoint Mortgage Servicing**
   **P.O. Box 740039 Cincinnati, Ohio 45274-0039**

   **Shellpoint's** loan #xxxxxx8247 must appear on each payment made hereinafter.

6. In the event: (i) Debtor's counsel fails to file or have approved a Motion to modify with an Amended Plan as set forth above; or (ii) Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Movant and/or Counsel may give Debtor and Debtor's counsel notice of the default. If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Debtor's counsel, Movant shall immediately have relief from the bankruptcy stay.

7. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Movant's rights hereunder.

8. Upon issuance of the aforesaid Order, the parties hereto further agree that Movant may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

9. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date the case is converted. If Debtor fails to make payment in accordance with this paragraph then the Movant, through Counsel, may file a certification setting forth said failure and the Movant shall be granted immediate relief from the automatic stay.

10. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtor's Counsel represents that the Debtor is familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

_____
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor
Date: 1/20/17

_____
Zachary Perlick, Esquire
Counsel for Debtor
Date: 1/20/17

_____
William C. Miller, Esquire
Trustee                     *no objection*
Date: 1/26/17

*without prejudice to any trustee rights or remedies*

And Now, this 3rd day of February, 2017, it is hereby ORDERED that this Stipulation between the parties is approved.

_____
Honorable Magdeline D. Coleman
U.S. Bankruptcy Judge